UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TANIA KATRISSE HACKETT BOSHEARS, *et al.*, | § § § § | |
| Plaintiffs. | § § | CIVIL ACTION NO. 3:22-cv-00053 |
| V. | § § | |
| POLARIS ENGINEERING, INC., *et al.*, | § § § § | |
| Defendants. | § | |

## OPINION AND ORDER

There are few things that I truly despise. The short list includes meatloaf, the Ohio State Buckeyes, and hangovers. It also includes motions for sanctions. It is no exaggeration to say that I hate, hate, hate motions for sanctions. "I am a firm believer that sanctions should rarely be imposed." *Luong v. Kroger Tex. L.P.*, No. 3:19-CV-00194, 2020 WL 6060923, at *1 (S.D. Tex. Oct. 14, 2020). "The conduct must be beyond the pale." *Total Safety U.S., Inc. v. Code Red Safety & Rental, LLC*, No. 4:19-CV-03836, 2021 WL 805554, at *2 (S.D. Tex. Mar. 3, 2021). All too often, lawyers file motions for sanctions for no legitimate reason; they simply want to obtain some perceived tactical advantage in a case. That is not the situation here.

More than a year ago, Plaintiff James Boshears ("Boshears") filed this employment discrimination lawsuit against Polaris Construction, Inc. and Polaris Engineering, Inc. (collectively, "Polaris").[1] In recent months, I have spent a considerable amount of time working through discovery issues in this case. I held

---

[1] On March 8, 2023, Judge Jeffrey V. Brown, *sua sponte*, consolidated Boshears's case and a separate employment discrimination lawsuit filed by his wife against Polaris. The consolidated case took the cause number 3:22-cv-00053, the case number of the first-filed case. Except as where indicated otherwise, the docket and minute entries referenced in this Opinion and Order can be found on the docket of Boshears's original lawsuit (No. 3:22-cv-00080).

numerous hearings and issued several orders, all aimed at making sure that Boshears complied with his discovery obligations. He has not done so.[2] As a result of Boshears's flagrant disregard for the discovery process and my discovery-related orders, Polaris has filed a Motion for Contempt and for Sanctions ("Motion for Sanctions"). Dkt. 34. Although I certainly could write pages and pages about how Boshears's attorney has made a mockery of the discovery process, I will keep my discussion short.

Suffice it to say that Boshears has repeatedly violated the discovery orders I issued in this matter. In a January 25, 2023 minute entry, I ordered that "Plaintiff must fully answer and provide responsive documents to discovery protocols by February 1, 2023." Boshears did not comply with this order. In that same minute entry, I also ordered Boshears to "execute the employment authorization and the medical records authorization by January 27, 2023." Once again, Boshears did not comply with this court order. Wait—we aren't done. Boshears also failed to supplement his interrogatories and verify those interrogatories, as I ordered. *See* Dkt. 28 at 1. Boshears further ignored my clear order to "provide all responsive documents to [Polaris] by February 20, 2023." *Id.* at 2. And when Polaris reached out to Boshears's counsel to discuss certain deficiencies in the document production, Boshears's counsel did not respond. He went silent.

Boshears's counsel acknowledges that he has failed to comply with my discovery-related orders. He tries to deflect blame to a busy trial schedule, an unforeseen client emergency in another matter, and technical issues which resulted in him losing a draft of supplemental discovery responses. *See* Dkt. 39 at 1. None of these excuses are satisfactory. The fact remains that Boshears's counsel repeatedly ignored or flouted court orders. It is incumbent on a trial lawyer to make sure that he has his house in order and can devote the attention needed to a case.

---

[2] To be clear, it is the conduct of Boshears's attorney, not Boshears, that is really at issue here. As Boshears's counsel readily acknowledged on the record, any blame for failing to abide by court orders and timely participate in the discovery process rests on the shoulders of counsel, not his client. *See* Dkt. 39 at 1.

*See* TEX. DISC. R. PROF'L CONDUCT 1.01(b) ("In representing a client, a lawyer shall not: (1) neglect a legal matter entrusted to the lawyer; or (2) frequently fail to carry out completely the obligations that the lawyer owes to a client or clients."). If Boshears's counsel feels overwhelmed by this matter, he should hand it off to another attorney to handle. That attorney should have the time and resources to devote to this case.

Federal Rule of Civil Procedure 37 authorizes a district court to issue sanctions for a party's failure to comply with discovery orders. *See* FED. R. CIV. P. 37(b)(2)(A), (C). Additionally, "[a] district court has the inherent authority to impose sanctions in order to control the litigation before it." *Positive Software Sols., Inc. v. New Century Mortg. Corp.*, 619 F.3d 458, 460 (5th Cir. 2010) (quotation omitted). In my view, sanctions should only be imposed "as a last resort" when "the conduct of counsel is so egregious and so unacceptable." *Luong*, 2020 WL 6060923, at *1. Unfortunately, this is one such case. As I have written before: "[E]nough is enough. Disobeying a district court's discovery order is conduct that must be stopped." *Id.* at *3. For only the third time in my five years on the bench, I will award sanctions for a flagrant abuse of the discovery process.

At an oral hearing I held on Polaris's Motion Sanctions, I invited Polaris to submit a letter and declaration by March 14, 2023, in support of its request for attorney's fees as a sanction for counsel's conduct. That declaration, which Polaris timely filed, identifies $5,082.75 in fees incurred as a direct result of the "ongoing discovery disputes that Polaris had with [Boshears] seeking to ensure compliance with the Court's Orders." Dkt. 35-1 at 7 (No. 3:22-cv-00053). I find those fees reasonable, and I order Boshears's counsel to pay a $5,082.75 sanction to Polaris. The payment must be made, and confirmation of payment must be submitted to this Court by Friday, March 31, 2023.

In closing, let me reiterate that this order brings me no joy or satisfaction. In my view, it is a sad day when sanctions are imposed. I leave the parties with these words, which come from an order I issued several years ago imposing

sanctions: "I am hopeful that this order, and the accompanying sanctions, will put an end to such disgraceful conduct. It is my sincere wish that Plaintiff's counsel will pursue the highest ideals of our noble profession, and never find [himself] in this position again." *Luong*, 2020 WL 6060923, at *3.

SIGNED this 20th day of March 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE