United States District Court
Southern District of Texas
**ENTERED**
March 27, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| TANIA KATRISSE HACKETT BOSHEARS, *et al.*, | § | |
| | § | |
| Plaintiffs. | § | |
| | § | CIVIL ACTION NO. 3:22-cv-00053 |
| V. | § | |
| | § | |
| POLARIS ENGINEERING, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**

Plaintiff Tania Katrisse Hackett Boshears ("Boshears") brings claims for relief under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA"). In response, Defendants Polaris Construction, Inc. and Polaris Engineering, Inc. (collectively, "Polaris") have moved to dismiss the Third Amended Complaint. *See* Dkt. 23. Polaris advances two main arguments. First, Polaris claims that Boshears's claims are time-barred because she failed to file her lawsuit in federal court within 90 days after receipt of the right-to-sue letter issued by the Equal Employment Opportunity Commission ("EEOC"). Second, in the event I conclude that Boshears's claims are not time-barred, Polaris contends that Boshears has failed to state a cognizable claim for employment discrimination or retaliation under the ADA.

**FACTUAL BACKGROUND**

This is an employment discrimination/retaliation case. Polaris provides engineering, procurement, and construction services worldwide for the refining and petrochemical industries. In August 2019, Polaris hired Boshears to work as a Pipe Foreman on a large-scale construction project in Galveston, Texas. In that

role, Boshears managed a team of 11 employees. Polaris also hired Boshears's husband, James, to work as a Lead Construction Superintendent on the project.

In the Third Amended Complaint, Boshears avers that James had a heart condition. Boshears says that on December 20, 2019, James felt sharp pains in his chest while working and went to the hospital for treatment. Polaris's Site Safety Manager allegedly told Boshears "to tell the doctor **not** to include in James's medical release that the [Emergency Room] visit was heart related." Dkt. 22 at 9. According to the live pleading, Polaris's Site Safety Manager then improperly disclosed James's medical information to another Polaris employee in violation of the ADA.

On March 17, 2020, Polaris terminated Boshears's employment. Polaris maintains that the termination was due to a reduction-in-force. Boshears contends otherwise, alleging that her termination was unlawful for a number of independent reasons. First, she contends that that she was discriminated against as a result of (i) her age (40 years old); (ii) her gender (female); and (iii) her association with her husband, who is a qualified individual with a disability under the ADA. In connection with these claims, Boshears asserts that Polaris replaced her with two younger, male employees who did not have relatives with a disability. Second, Boshears alleges that Polaris retaliated against her in violation of the ADA because her husband "engaged in protected opposition to disability discrimination." *Id.* at 22.

Boshears and her husband each filed their own, separate lawsuit against Polaris. On March 8, 2023, those two lawsuits were consolidated. *See* Dkt. 32. Today, I simply address whether the claims brought by Boshears in her Third Amended Complaint are sufficient to survive a challenge under Federal Rule of Civil Procedure 12(b)(6).

**RULE 12(b)(6) LEGAL STANDARD**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in

conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The United States Supreme Court has emphasized that the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Ultimately, a Rule 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quotation omitted).

## ANALYSIS

### A. BOSHEARS'S CLAIMS FOR RELIEF ARE NOT TIME-BARRED BASED ON A REVIEW OF THE LIVE PLEADING

Before an individual claiming employment discrimination may pursue such a claim in federal court, she first must exhaust her administrative remedies by filing a charge of discrimination with the EEOC. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002). The employment discrimination statutes at issue in this case—Title VII, the ADEA, and the ADA—all provide that "[a] plaintiff alleging employment discrimination must file a civil action no more than ninety days after she receives statutory notice of her right to sue from the EEOC." *Duron v. Albertson's LLC*, 560 F.3d 288, 290 (5th Cir. 2009); *see also* 42 U.S.C. § 2000e-5(f)(1) (Title VII); 29 U.S.C. § 626(e) (ADEA); 42 U.S.C. § 12117(a) (ADA). "[T]he ninety-day limitation period is strictly construed" and "begins to run

on the date that the EEOC right-to-sue letter is *received*." *Taylor*, 296 F.3d at 379 (emphasis in original).

Because "[a] statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred," *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003), I must start my analysis by looking at the plain language of the Third Amended Complaint. In that document, Boshears unequivocally states that her counsel did not receive a copy of the right-to-sue letter until November 22, 2021:

> [O]n November 10, 2021, counsel for Plaintiff requested that the EEOC issue her a Notice of Right [to] Sue. That same day, the EEOC advised counsel for Plaintiff that "[t]he request will be processed and once the right to sue is uploaded into the portal an electronic notification will be sent notifying the parties they have access to the document." On November 22, 2021, the EEOC notified counsel for Plaintiff by email of the issuance of an important document, the Notice of Right to Sue. The Notice of Right to Sue received by counsel for Plaintiff was neither signed nor dated. Copies of the November 22, 2021 email and the EEOC's undated and unsigned Notice of Right to Sue are attached as Exhibit "A." Plaintiff files this lawsuit within ninety (90) days of . . . her counsel receiving the undated and unsigned Notice of Right to Sue.

Dkt. 22 at 3–4. If, as alleged in the Third Amended Complaint, Boshears's counsel first received the right-to-sue letter on November 22, 2021, Boshears had until February 21, 2022 to timely file her lawsuit.[1] She filed her original complaint on February 15, 2022, which means it was timely filed—assuming I credit the assertions set forth in Boshears's live pleading as to when her counsel received notice of the right-to-sue letter.

Polaris argues that instead of limiting myself to the text of the Third Amended Complaint, I should also look at various "records received by . . . Polaris

[1] If Boshears received notice on November 22, 2021, the 90-day period technically would have expired on Sunday, February 20, 2022—a legal holiday. Accordingly, Boshears would have had until Monday, February 21, 2022, to file her complaint. *See Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 266 (5th Cir. 2015); FED. R. CIV. P. 6(a)(1)(C).

in response to a Freedom of Information Act request sent to the EEOC regarding [Boshears's] EEOC Charge" Dkt. 23 at 4 n.3. Polaris attaches to its Motion to Dismiss these documents, which include a 17-page "Charge Detail Inquiry." *See* Dkt. 23-4 at 6–22. Polaris contends that the Charge Detail Inquiry indicates that the EEOC issued its right-to-sue letter on November 15, 2021, and that Boshears's attorney received the letter the same day via electronic mail through the EEOC Portal. If Boshears did, in fact, receive the right-to-sue letter on November 15, 2021, she would have had 90 days from that date—that is, until February 14, 2022[2]—to file a lawsuit against Polaris. Because this lawsuit was not filed until February 15, 2022, Polaris argues that Boshears's claims for relief under the various employment-related statutes are time-barred.

"In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss," courts are limited to considering the following factual information: "(1) the facts set forth in the complaint, (2) documents attached to or incorporated by reference in the complaint, and (3) matters of which judicial notice may be taken". *Spears v. Nanaki, L.L.C.*, No. 22-30460, 2023 WL 2493741, at *1 (5th Cir. Mar. 14, 2023). The Charge Detail Inquiry clearly does not fall within the first two categories as it is not discussed in, attached to, or incorporated by reference in the live complaint. The question thus becomes whether I should take judicial notice of the Charge Detail Inquiry.

Federal Rule of Evidence 201 provides that certain facts are subject to judicial notice. "The doctrine of judicial notice permits a judge to consider a generally accepted or readily verified fact as proved without requiring evidence to establish it." *U.S. v. Berrojo*, 628 F.2d 368, 369 (5th Cir. 1980). I am fully aware that many federal courts across this great nation regularly take judicial notice of EEOC filings at the motion to dismiss stage. *See, e.g.*, *Prewitt v. Cont'l Auto.*, 927

[2] If Boshears received notice on November 15, 2021, the 90-day period technically would have expired on Sunday, February 13, 2022—a legal holiday. Accordingly, Boshears would have had until Monday, February 14, 2022, to file her complaint.

F. Supp. 2d 435, 447–48 (W.D. Tex. 2013) (collecting cases); *Smith v. City of Atl. Beach*, No. 3:18-cv-1459, 2020 WL 708145, at *1 (M.D. Fla. Feb. 12, 2020) (same). I am not, however, willing to go that far. While I am certainly prepared to "judicially notice a fact that is not subject to reasonable dispute," I have a problem with the wholesale inclusion of documents for which the contents are strongly disputed into the motion to dismiss record. FED. R. EVID. 201(b). Polaris wants me to review the Charge Detail Inquiry and make a determination at the Rule 12(b)(6) stage that the EEOC uploaded the right-to-sue letter on November 15, 2021, for instantaneous receipt by Boshears's counsel, and that an email notification was sent on that date to all parties and their representatives.

The problem is that these so-called "facts," which Polaris alleges are contained in the Charge Detail Inquiry, are certainly far from being "not subject to reasonable dispute." FED. R. EVID. 201(b). In fact, Boshears strongly disputes that her counsel received notice of the EEOC Charge prior to November 22, 2021.

Even if I did take judicial notice of the Charge Detail Inquiry as a whole, I am hard-pressed to figure out what language in the document Polaris believes unequivocally establishes that Boshears's counsel received the EEOC Charge on November 15, 2021. But that is, ultimately, neither here nor there. Even if I go one step further and assume that the Charge Detail Inquiry suggests that Boshears received a copy of the EEOC charge on November 15, 2021, Boshears strongly disputes this in her Third Amended Complaint.[3] At this stage of the proceedings, I

[3] Polaris makes much of the fact that Boshears admitted in her previous complaints that the EEOC issued the right-to-sue letter on November 15, 2021. For purposes of the pending Motion to Dismiss, however, Boshears's previous statements do not affect the content of her Third Amended Complaint. As the Fifth Circuit has noted: "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *see also White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 n.5 (5th Cir. 1983) ("Admissions made in superseded pleadings are as a general rule considered to lose their binding force, and to have value only as evidentiary admissions."). The Third Amended Complaint contains no admission that the EEOC issued the right-to-sue letter on November 15, 2021.

am required to accept the factual allegations contained in the live complaint as true and draw all reasonable inferences in Boshears's favor. *See Residents of Gordon Plaza, Inc. v. Cantrell*, 25 F.4th 288, 295 (5th Cir. 2022). Doing so results in the inescapable conclusion that granting a motion to dismiss based on limitations is wholly inappropriate in this case. "Generally, a statute of limitations defense is decided on a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, not on a motion to dismiss under Rule 12(b)(6)." *JNT Enters., Inc. v. Nationwide Prop. & Cas. Ins. Co.*, No. CV H-13-1982, 2014 WL 12776419, at *4 (S.D. Tex. Apr. 15, 2014). It is my firm belief that we should revisit the limitations issue on summary judgment, after the parties have had a full opportunity to conduct discovery and develop the summary judgment record.

### B. BOSHEARS FAILS TO SUFFICIENTLY STATE AN ADA RETALIATION CLAIM

The ADA prohibits an employer from retaliating against an employee who seeks to exercise her rights under the ADA. *See* 42 U.S.C. § 12203(a) ("No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA]."). "To establish a prima facie case of unlawful retaliation under the ADA, the plaintiff must show that: (1) she engaged in an activity protected by the ADA, (2) she suffered an adverse employment action, and (3) there is a causal connection between the protected activity and the adverse action." *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 304 (5th Cir. 2020).

Polaris contends that Boshears fails to sufficiently plead the first element of a prima facie claim for retaliation under the ADA. In advancing this argument, Polaris notes that nowhere in the Third Amended Complaint does Boshears allege that she engaged in any activity protected under the ADA. Boshears concedes this point but argues that her husband engaged in protected activity and that her husband's protected activity should be imputed to her as a "person aggrieved" under the Supreme Court's landmark decision in *Thompson v. North American*

*Stainless, LP*, 562 U.S. 170, 178 (2011). The alleged protected activity by her husband was the objection to the circulation of his medical records within Polaris.

For the purposes of the present Motion to Dismiss, I will assume, without deciding, that Boshears is correct that any alleged protected activity taken by her husband may be imputed to her. That still begs the question whether Boshears has sufficiently pled that her husband engaged in a protected activity. "Protected activities are those statutorily protected under the ADA, including opposing or complaining about discrimination based on disability." *Frakes v. Peoria Sch. Dist. No. 150*, 872 F.3d 545, 551 (7th Cir. 2017); *see also Girasole v. Caliber Home Loans, Inc.*, No. 3:21-CV-01560-X, 2022 WL 3081576, at *2 (N.D. Tex. Aug. 3, 2022) ("An individual engages in protected activity under the ADA when he opposes any act or practice made unlawful by the ADA.") (cleaned up). As to whether the alleged complaint by Boshears's husband regarding the internal disclosure of his medical records constitutes protected activity, the Fifth Circuit has spoken on this very issue. In *St. John v. Sirius Solutions, LLLP*, the Fifth Circuit held that an individual did not engage in protected activity under the ADA by merely complaining of disclosure of medical information because "disclosure . . . is not protected under the ADA." 299 F. App'x 308, 309 (5th Cir. 2008). Accordingly, Boshears cannot establish the first element of her *prima facie* claim for retaliation. She has failed to allege that her husband engaged in an activity protected by the ADA. The ADA retaliation claim should be dismissed.

### C. Boshears Has Not Alleged Sufficient Facts to Support an Associational Disability Claim

In the Third Amended Complaint, Boshears asserts a distinct cause of action for associational disability discrimination. In making this claim, Boshears alleges that Polaris terminated her employment because of her association with her husband, James, who is disabled under the ADA due to a heart condition. To the extent the Fifth Circuit even recognizes a cause of action for "associational disability discrimination," Polaris argues that this claim should be dismissed at the

pleading stage because Boshears fails to set forth sufficient factual allegations to support such a claim. !

To begin, let me provide some helpful context for Boshears's associational disability discrimination claim. In addition to prohibiting workplace discrimination against individuals with disabilities, the ADA prohibits an employer from discriminating against an employee as a result of "the known disability of an individual with whom [the employee] is known to have a relationship or association." 42 U.S.C. § 12112(b)(4). This statutory language has been found by the Second, Sixth, Tenth, and Eleventh Circuits to create an independent cause of action for associational disability discrimination. *See Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 432 (2d Cir. 2016); *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 487 (6th Cir. 2011); *Hilburn v. Murata Elecs. N. Am. Inc.*, 181 F.3d 1220, 1230–31 (11th Cir. 1999); *Den Hartog v. Wasatch Acad.*, 129 F.3d 1076, 1085 (10th Cir. 1997). The Fifth Circuit has never, however, "explicitly recognized a cause of action for discrimination based on association with a handicapped individual," *Grimes v. Wal-Mart Stores Tex., L.L.C.*, 505 F. App'x 376, 380 n.1 (5th Cir. 2013); *see also Besser v. Tex. Gen. Land Off.*, 834 F. App'x 876, 886 (5th Cir. 2020) (same); *Spencer v FEI, Inc.*, 725 F. App'x 263, 267 (5th Cir. 2018) (same). District courts within the Fifth Circuit appear split on whether a cause of action for associational disability discrimination is cognizable. *Compare Hartman v. Lafourche Parish Hosp.*, 262 F. Supp. 3d 391, 398–99 (E.D. La. 2017) (recognizing cause of action for associational disability discrimination), *and Spinks v. TruGreen Landcare, L.L.C.*, 322 F. Supp. 2d 784, 795 (S.D. Tex. 2004) (same), *with Balachandran v. Valvtechnologies, Inc.*, No. 4:20-CV-1078, 2021 WL 3639806, at *2 (S.D. Tex. July 30, 2021) (declining to recognize a cause of action for associational disability discrimination), *and Roth v. Canon Sols. Am., Inc.*, No. 3:18-cv-02196, 2019 WL 4597583, at *5 (N.D. Tex. Sept. 23, 2019) (same).

To me, the entire discussion as to whether an associational disability discrimination claim is recognized by the Fifth Circuit is a tempest in a teapot. As one district court recently noted: !

> No matter what the legal theory of associational discrimination is called, the statutory language of 42 U.S.C. § 12112(b)(4) prohibits an employer from excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association.

*Marshall v. United Credit Corp. of Tallulah*, No. 3:19-CV-00655, 2021 WL 4149654, at *3 (W.D. La. Sept. 13, 2021). I wholeheartedly agree. Whether you call it a § 12112(b)(4) claim or an associational disability discrimination claim makes no difference at all. At the end of the day, there is, in my view, a viable cause of action available to those who are discriminated against based on their association with a disabled individual. That is what the plain language of the statute says.

With that hurdle behind us, I now turn to determining whether Boshears has pled facts sufficient to properly state a § 12112(b)(4)/associational disability discrimination claim. Although the Fifth Circuit has declined to formally adopt an associational disability discrimination cause of action, it has stated that if such a cause of action were to exist:

> A prima facie case of associational discrimination would require that the Plaintiff show (1) her qualification for the job, (2) an adverse employment action, (3) the employer's knowledge of the employee's disabled relative, and (4) that the adverse employment action occurred under circumstances raising a reasonable inference that the relative's disability was a determining factor in the employer's adverse action.

*Grimes*, 505 F. App'x at 380.

Polaris focuses on the fourth element, arguing that Boshears "fails to assert any facts that her husband's purported disability was a determining—or any—factor in her termination." Dkt. 23 at 16–17. In her response to the Motion to Dismiss, Boshears simply copies, *verbatim*, that portion of the Third Amended

Complaint that discusses the associational disability discrimination claim. *Compare* Dkt. 22 at 19–21, *with* Dkt. 27 at 13–15. She offers no additional argument. In the Third Amended Complaint, Boshears asserts the following in an effort to satisfy the fourth element:

> When James was hospitalized, Polaris instructed Boshears to "make sure that they put it was not job-related" on James's medical release. At the time, there were other employees at the job site that were experiencing heart issues. Polaris later terminated Boshears five days after James voiced complaints to Human Resources and the CEO about his heart issues and the improper disclosure of medical information in violation of the ADA.

Dkt. 22 at 21. To determine whether Boshears has adequately pled a § 12112(b)(4)/associational disability discrimination claim, I have carefully considered not only this language, but also the entirety of the Third Amended Complaint.

The critical question is this: Has Boshears asserted any facts in the Third Amended Complaint that allow a reasonable inference that James's disability was a determining factor in Boshears's termination? In my view, the answer is no. Absent from the Third Amended Complaint are any facts that would suggest—much less create a reasonable inference—that James's disability was a determining factor in the company's decision to terminate Boshears. It is not sufficient to merely allege that Boshears was married to a disabled person. Boshears has to do more. *See Besser*, 834 F. App'x at 886 (affirming dismissal of associational disability discrimination claim because plaintiff failed to allege any facts that allow a reasonable inference that his spouse's disability was a determining factor in plaintiff's termination).

It is hard to understand how James's disability could have possibly impacted Polaris's decision to terminate Boshears because, as Boshears readily admits, Polaris knew of her husband's disability when it hired him. *See* Dkt. 22 at 8 ("When he was hired, James informed Polaris of his heart condition, including the need to take medication daily for his heart and that he had a pacemaker."). On the surface,

this would appear to be pretty compelling evidence that James's disability could not have been the determining factor for Boshears's termination.

To survive the motion to dismiss, Boshears has to plead actual facts that indicate that James's disability was a determining factor in Polaris's decision to fire her. The problem for Boshears is that the only allegations found in the Third Amended Complaint actually suggest that James's disability was *not* a determining factor in Polaris's decision to fire Boshears. As Polaris points out: Boshears "alleges that she was terminated because her husband made a complaint about his heart issues and the internal disclosure of his medical records. . . . [I]t is entirely clear that her allegations relate to a claimed retaliation for a complaint, not for her 'association' with a disabled person." Dkt. 30 at 9.

Even if I take as true all the allegations in the Third Amended Complaint and draw all inferences in Boshears's favor, I still do not believe Boshears has presented any facts that raise a reasonable inference that James's disability was a determining factor in Polaris's decision to terminate her. I thus conclude that Boshears is unable to present a *prima facie* case for a § 12112(b)(4)/associational disability discrimination claim. This claim should be dismissed.

## CONCLUSION

For the reasons identified above, I recommend that Polaris's Rule 12(b)(6) Motion to Dismiss (Dkt. 23) be **GRANTED** in part and **DENIED** in part. More specifically, I recommend that the Motion to Dismiss be granted to the extent it seeks dismissal of Boshear's ADA retaliation claim and her § 12112(b)(4)/associational disability discrimination claim. Meanwhile, Polaris's effort to dismiss this entire case at the pleading stage on the grounds that Boshears's claims are time-barred should be denied.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have 14 days from receipt to file written objections under Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure

to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 27th day of March 2023.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE