United States District Court
Southern District of Texas
**ENTERED**
October 03, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| TANIA KATRISSE HACKETT BOSHEARS, *et al.*, § § § § Plaintiffs. § § V. § § POLARIS ENGINEERING, INC., *et al.*, § § § § Defendants. § | CIVIL ACTION NO. 3:22-cv-00053 |

### **MEMORANDUM AND RECOMMENDATION**

Plaintiffs James Boshears ("Mr. Boshears") and Tania Boshears ("Ms. Boshears") are husband and wife. Both worked for Defendants Polaris Engineering, Inc. and Polaris Construction, Inc. (collectively, "Polaris"). In this lawsuit, Plaintiffs claim that Polaris terminated their employment unlawfully.

Pending before me are two motions for summary judgment: (1) Defendants' Motion for Summary Judgment on Claims of Tania Boshears (Dkt. 46); and (2) Defendants' Motion for Summary Judgment on Claims of Plaintiff, James Boshears (Dkt. 49). I recommend that both motions be **GRANTED**, and this case be dismissed.

### **LEGAL STANDARD**

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "When assessing whether a dispute to any material fact exists, [I must] consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398–99 (5th Cir. 2008). "No genuine dispute of fact exists if the record taken as a whole could not lead a

rational trier of fact to find for the non-moving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets this burden, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *See id.* at 324. "This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (cleaned up).

## ANALYSIS

### A. TANIA BOSHEARS

Polaris hired Ms. Boshears to work as a foreman in August 2019. After Ms. Boshears was terminated in March 2020, she filed this lawsuit, bringing claims for relief under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA"). Her ADA claims were dismissed at the pleading stage. *See* Dkt. 41.

Polaris has filed a motion for summary judgment, advancing a number of arguments as to why Ms. Boshears's Title VII and ADEA claims should be dismissed. Ms. Boshears has not responded to the motion for summary judgment. Although a "motion for summary judgment cannot be granted simply because there is no opposition," *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985), when "a party fails to properly . . . address another party's assertion of fact as required by Rule 56(b), the court may . . . consider the fact undisputed for purposes of the motion." FED. R. CIV. P. 56(e)(2). "[A] court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law."

2

*Day v. Wells Fargo Bank Nat'l Ass'n*, 768 F.3d 435, 435 (5th Cir. 2014). That is the situation here.

Title VII and ADEA claims are evaluated using the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Heggemeier v. Caldwell County*, 826 F.3d 861, 867 (5th Cir. 2016) (Title VII); *Nicholson v. Securitas Sec. Servs., USA, Inc.*, 830 F.3d 186, 189 (5th Cir. 2016) (ADEA). Under that framework, Ms. Boshears must first establish a prima facie case of discrimination. *See McDonnell Douglas Corp.*, 411 U.S. at 802. If Ms. Boshears does that, the burden shifts to Polaris "to proffer a legitimate, nondiscriminatory reason" for terminating Ms. Boshears. *Watkins v. Tregre*, 997 F.3d 275, 282 (5th Cir. 2021). If Polaris proffers such a reason, "the presumption of discrimination disappears, and [Ms. Boshears] must then produce substantial evidence indicating that the proffered . . . reason is a pretext for discrimination." *Id.* (quotation omitted).

I will assume that Ms. Boshears can establish a prima facie case of discrimination under Title VII and the ADEA.[1] The burden then shifts to Polaris to provide evidence that Ms. Boshears was terminated for a legitimate, nondiscriminatory reason. Polaris contends that it terminated Ms. Boshears as part of a reduction-in-force ("RIF") in March 2020 that covered 25 employees. The Fifth Circuit "has repeatedly held that a reduction in force is a legitimate reason for firing someone." *McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 456 (5th Cir. 2019) (citing *Kilgore v. Brookeland Indep. Sch. Dist.*, 538 F. App'x 473, 477 (5th Cir. 2013); *Tyler v. La-Z-Boy Corp.*, 506 F. App'x 265, 269–70 (5th Cir. 2013); *EEOC v. Tex. Instruments Inc.*, 100 F.3d 1173, 1181 (5th Cir. 1996)). Polaris has thus met its burden of production.

---

[1] To establish a prima facie case of discrimination under both Title VII and the ADEA, Ms. Boshears "must demonstrate that (1) she is a member of a protected class; (2) she was qualified for the position she sought; (3) she suffered an adverse employment action; and (4) others similarly situated but outside the protected class were treated more favorably." *Saketkoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 997–98 (5th Cir. 2022).

To avoid dismissal on summary judgment, Ms. Boshears must show that the elimination of her position as part of a RIF was not the "real reason [for terminating her], but was merely a pretext for discrimination." *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004). As noted above, Ms. Boshears offers no evidence to demonstrate pretext. Accordingly, summary judgment should be granted in favor of Polaris on Ms. Boshears's claims of discrimination under Title VII and the ADEA.

**B.    JAMES BOSHEARS**

Polaris hired Mr. Boshears as a piping superintendent in August 2019. On December 30, 2019, Mr. Boshears felt sharp pains in his chest while at work. He went to the Site Safety Manager, April Arabie ("Arabie"), and told her about his chest pains. Arabie told Mr. Boshears to go to the emergency room, which he did. The next day Mr. Boshears returned to work. He provided Arabie with the medical records related to his December 30, 2019 visit to the emergency room as well as a doctor's release indicating that he could return to work without restrictions. Arabie scanned the documents to her supervisor, Mack Franks, the Polaris Safety Manager. Mr. Boshears was then cleared to work. Mr. Boshears continued to work at Polaris until March 2020, when he was laid off as part of a RIF.

As part of this lawsuit, Mr. Boshears has brought several claims. First, he alleges that Polaris violated the ADA by disclosing medical records unrelated to his December 30, 2019 visit to the emergency room. Second, Mr. Boshears maintains that Polaris violated the ADA by terminating his employment due to a physical disability. Third, Mr. Boshears contends that Polaris improperly terminated his employment in retaliation for complaints he made to Polaris's Human Resources department. Polaris moves for summary judgment on all of Mr. Boshears's claims.

Like his wife, Mr. Boshears did not file a response to Polaris's motion for summary judgment. Nonetheless, I must evaluate each of Mr. Boshears's claims for relief to determine if there is a genuine issue of material fact.

Regarding the claim for unauthorized disclosure of medical information, the ADA allows an employer to require a medical examination if it is "job-related and consistent with business necessity." 42 U.S.C. § 12112(d)(4)(A). To prevail on a claim for unauthorized disclosure of medical information under the ADA, Mr. Boshears must establish that (1) Polaris engaged in a permissible examination or medical inquiry; (2) Polaris obtained confidential medical information from Mr. Boshears in the course of doing so; (3) Polaris disclosed that confidential information to others without Mr. Boshears's permission; and (4) Mr. Boshears suffered a tangible injury as a result of the disclosure. *See Ashley v. City of San Antonio*, No. SA-17-CV-00076, 2018 WL 4016484, at *3 (W.D. Tex. Aug. 22, 2018). Summary judgment is appropriate on this claim because there is no genuine issue of material fact on elements 3 or 4. On element 3, Mr. Boshears cannot show that any unauthorized disclosure occurred. Following his discharge from the emergency room, Mr. Boshears provided Polaris (through Arabie, a Polaris Site Safety Manager) records from his hospital visit to allow him to return to work. Arabie forwarded the medical records to Franks, the Polaris Safety Manager.[2] Nothing in the summary judgment record suggests that Mr. Boshears's medical records were provided to anyone outside of Polaris or to anyone within Polaris for an improper reason. On element 4, Mr. Boshears has presented no evidence that he suffered a tangible injury. *See Armstrong v. Turner Indus., Inc.*, 141 F.3d 554, 562 (5th Cir. 1998) (holding "that damages liability" for unauthorized disclosure of medical information under the ADA "must be based on something more than a mere violation of that provision"). Summary judgment in favor of Polaris is thus proper on the claim for unauthorized disclosure of medical information.

---

[2] Mr. Boshears claimed in his Complaint that Polaris improperly disclosed his medical records that were unrelated to and predated his tenure as a Polaris employee. At his deposition, Mr. Boshears acknowledged that this allegation was false. The only records Arabie forwarded to Franks were those that Mr. Boshears voluntarily provided Polaris directly related to his December 30, 2019 health scare.

Turning to Mr. Boshears's claim that Polaris violated the ADA by terminating his employment due to a physical disability (a heart condition), the *McDonnell Douglas* burden shifting analysis applies. *See Mueck v. La Grange Acquisitions, L.P.*, 75 F.4th 469, 483 (5th Cir. 2023). As was the case with Ms. Boshears, I will assume that Mr. Boshears can establish a prima facie discrimination claim.[3] The burden then shifts to Polaris to articulate a legitimate, non-discriminatory reason for Mr. Boshears's termination. The stated reason for Mr. Boshears's termination—a RIF—is, as discussed above, a presumptively legitimate, non-discriminatory reason for Polaris to terminate Mr. Boshears's employment. The burden then shifts back to Mr. Boshears to show pretext "either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or unworthy of credence." *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003) (quotation omitted). Boshears's failure to provide any such evidence dooms his ADA discrimination claim. There is no genuine issue of material fact on pretext. Polaris is entitled to summary judgment on Boshear's ADA discrimination claim.

Lastly, I will address Mr. Boshears's ADA retaliation claim. Mr. Boshears asserts that Polaris retaliated against him for making complaints to the Polaris Human Resources department. This claim is time-barred. Before an individual asserting a claim under the ADA may pursue such a claim in federal court, he first must exhaust his administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *See Dao v. Auchan Hypermarket*, 96 F.3d 787, 788–89 (5th Cir. 1996). After receipt of a statutory notice from the EEOC describing the right to sue, a plaintiff has 90 days to bring suit in federal court. *See* 42 U.S.C. § 12117(a) (incorporating by reference the procedures applicable to Title VII for actions under the ADA). The 90-day

---

[3] To create a prima facie presumption of discrimination under the ADA, Mr. Boshears must produce evidence showing that: "(1) [he] is disabled within the meaning of the ADA, (2) [he] was qualified for the job, and (3) [he] was fired on account of [his] disability." *Gosby v. Apache Indus. Servs., Inc.*, 30 F.4th 523, 526 (5th Cir. 2022).

limitation period is strict. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 380 (5th Cir. 2002) (dismissing a discrimination claim filed one day after the 90-day period to file suit had elapsed).

Here, Mr. Boshears filed an initial charge with the EEOC on March 25, 2020. *See* Dkt. 49-8 at 2. In that EEOC charge, Mr. Boshears specifically alleged that he had been terminated in retaliation for making complaints with the Human Resources department about allegedly unfair employment practices. On August 25, 2020, the EEOC issued a right-to-sue letter. *See* Dkt. 49-14 at 2. Instead of filing suit, Mr. Boshears filed a second charge of discrimination with the EEOC on January 4, 2021. *See* Dkt. 49-9 at 4–8. The second charge again asserted that Mr. Boshears had been discharged in retaliation for raising complaints with the Human Resources department. The second charge also added complaints about discrimination and the unauthorized disclosure of Mr. Boshears's medical records.

The law is clear: Mr. Boshears should have brought his ADA retaliation claim in federal court by November 23, 2020—that is, within 90 days after receipt of the initial EEOC right-to-sue letter on August 25, 2020. He did not file his lawsuit until March 9, 2022. That is more than a year-and-a-half too late.

In his Complaint, Mr. Boshears argued that his lawsuit was timely because he filled this action within 90 days of December 9, 2021—the date he received the right-to-sue letter from the EEOC on his second charge of discrimination. No dice. The Fifth Circuit has expressly held that a "second right-to-sue letter [does] not extend the ninety-day limitations period" when the second charge of discrimination merely restates allegations contained in the first charge of discrimination. *See January v. Tex. Dep't of Crim. Just.*, 760 F. App'x 296, 300 (5th Cir. 2019). "To hold otherwise would allow any future plaintiff to obliterate the ninety-day limitations period by repeatedly refiling the same charge with the

EEOC." *Id.* (cleaned up). Accordingly, Mr. Boshears's ADA retaliation claim is time-barred.[4]

## CONCLUSION

For the reasons identified above, I recommend that both outstanding motions for summary judgment (Dkts. 46, 49) be **GRANTED**. This case should be dismissed.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 3rd day of October 2023.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[4] Mr. Boshears did not raise ADA claims for discrimination and the unauthorized disclosure of his medical records in his first charge of discrimination. He outlined those claims for the first time in his second charge of discrimination. Because Mr. Boshears received his right-to-sue letter on the second charge on December 9, 2021, he had to file his lawsuit by March 9, 2022 to comply with the 90-day rule insofar as the ADA claims for discrimination and the unauthorized disclosure of his medical records. He filed this lawsuit on March 9, 2022, thus complying with the 90-day limitation on the ADA claims for discrimination and the unauthorized disclosure of his medical records.